UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X
GERMESE JAMES,

                Plaintiff,               **MEMORANDUM & ORDER**

    -against-                    23-cv-3688 (NRM)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
————————————————————————X

**NINA R. MORRISON**, United States District Judge:

In this case, Plaintiff Germese James ("Plaintiff") challenges the Commissioner of Social Security's February 25, 2022 decision to deny Plaintiff's March 2021 application for Social Security Disability benefits. Plaintiff and the Commissioner have both moved for judgment on the pleadings. *See* Pl. Mot., ECF No. 7; Comm'r Mot., ECF No. 11. For the reasons outlined below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## BACKGROUND

Plaintiff applied for disability benefits with the Social Security Administration ("SSA") in March 2021, claiming a period of disability beginning July 2020 due to back, neck, and left shoulder injuries. AR 142–49,[1] 166. Following an automobile accident in July 2020, AR 32, 166, Plaintiff underwent back surgery in February 2021, AR 238–42, and shoulder surgery in July 2021, AR 357–58. She had previously worked as a mail carrier with the United States Postal Service (the "USPS").

---

[1] Citations to the Administrative Record ("AR"), which was filed as a single document with the Court, ECF No. 5, are to the pagination applied by SSA prior to transmitting the record, located in the bottom right-hand corner of each page.

1

After her claim was originally denied, Plaintiff requested a hearing. AR 42–77, 94–95. Plaintiff and her counsel appeared for a hearing before an Administrative Law Judge ("ALJ") in February 2022. AR 24–41. Plaintiff requested a closed period of disability from July 23, 2020 to November 2021. AR 28. In November 2021, Plaintiff returned to light duty work with the USPS. AR 15.

In a decision issued on February 25, 2022, the ALJ found that plaintiff was not disabled under the relevant provisions of the Social Security Act. AR 9–20. In reaching this decision, the ALJ proceeded through the five-step analysis set forth in 20 C.F.R. § 404.1520. *Id.* The Appeals Council denied review on May 8, 2023, making the decision of the ALJ the final decision of the Commissioner. AR 1–8 . Plaintiff then timely filed this action.

## STANDARD OF REVIEW

Claimants who are denied disability insurance benefits by the SSA may seek judicial review. 42 U.S.C. § 405(g). In reviewing the Commissioner's final decision, district courts do not "decide *de novo* whether a claimant was disabled" or "answer in the first instance the inquiries posed by the five-step analysis set out in the [SSA] regulations." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citation omitted). Instead, the Court's review is limited to determining whether the Commissioner's decision is free of legal error and supported by substantial evidence. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support

2

the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* at 103. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). It is "more than a mere scintilla." *Id.* (citation omitted). In applying the substantial-evidence standard, the Court must "defer[] to the presiding ALJ, who has seen the hearing up close." *Id.* at 108. If substantial evidence supports the Commissioner's findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g); *see Cichocki v. Astrue*, 729 F.3d 172, 175–76 (2d Cir. 2013). After completing its review, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing" the Commissioner's decision. 42 U.S.C. § 405(g).

## DISCUSSION

The Court has reviewed the pleadings and the administrative record in light of the applicable law. Plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's motion is granted.

The ALJ conducted the required five-step analysis in evaluating Plaintiff's disability claim. AR 15–20. At the conclusion of this analysis, the ALJ determined that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of

3

'not disabled' is therefore appropriate under the framework of the above-cited rule." AR 20.

Plaintiff contends that the ALJ erred in several ways when assessing Plaintiff's residual functional capacity, or RFC.  First, Plaintiff argues the ALJ erred by rejecting certain conclusions of Plaintiff's examining physician, Dr. Checo.  Pl. Br. at 12–15, ECF No. 7-1.[2]  Second, Plaintiff argues the ALJ erred in determining the specifics of Plaintiff's RFC.  *Id.* at 15–16.

However, as explained below, the Commissioner (1) appropriately evaluated and explicitly discussed the medical evidence, including the opinions of Dr. Checo, and (2) applied the law correctly and made factual findings that are supported by substantial evidence as to Plaintiff's residual functional capacity.

## I. The ALJ Appropriately Evaluated the Medical Evidence, Including the Conclusions of Examining Physician Dr. Checo

Plaintiff argues that Dr. Checo's "findings preclude sedentary work" because Plaintiff "cannot meet the lift/carry requirements thereof."  Pl. Br. at 12.  Plaintiff specifically contends that, when the ALJ found that "Dr. Checo 'overstate[d] the claimant's lifting/carrying limitations[,] [h]e offered no rationale, no proof from the medical evidence, [and] no medical opinion supportive of his view." *Id.* at 14.  Plaintiff argues that the ALJ improperly "rejected Dr. Checo's opinions." *Id.* at 13.

As a preliminary matter, the Court notes that Plaintiff's disagreement with the ALJ's evaluation of Dr. Checo's opinion appears to turn on a very slight divergence between Dr. Checo's opinion and the ALJ's finding that Plaintiff can

---

[2] Page references use ECF pagination unless otherwise noted.

perform sedentary work.  Dr. Checo concluded that Plaintiff can occasionally lift "less than ten pounds." AR 366.  Sedentary work involves "lifting no more than ten pounds at a time." 20 C.F.R. § 404.1567(a).  Plaintiff's contention that Plaintiff "cannot meet the lift/carry requirements" of sedentary work thus means that this aspect of the dispute turns on whether Plaintiff can occasionally lift ten pounds, or whether she can only lift some unspecified amount that is less than ten pounds (for example, nine pounds) throughout the day.  The Court further notes that the two state agency physicians who reviewed Plaintiff's medical records concluded that her lifting/carrying limitation was 20 pounds.  AR 47, 61.

First, the Court agrees with the Commissioner, Def. Br. at 11, ECF No. 11-1, that the ALJ did not reject Dr. Checo's conclusions outright.  The ALJ stated that he was "persuaded by the [medical] opinions [in the record, including Dr. Checo's] to the extent that they generally reflect limitations in reaching and lifting/carrying."  AR 18.  Plaintiff is incorrect that the ALJ was not permitted to find Dr. Checo's opinion persuasive in part and unpersuasive in part.  As another court in this district recently explained, "the argument that [an] ALJ could not consider some portions of [an] opinion persuasive, while rejecting others, is without merit." *Carter v. Comm'r of Soc. Sec.*, No. 21-CV-7038 (SJB), 2023 WL 3997262, at *2 (E.D.N.Y. Jun. 14, 2023) (citing cases).  There, as here, the ALJ relied on medical exams and plaintiff's daily activities to reject part of the medical opinion.  *Id.*; *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (affirming ALJ decision to credit some opinions while rejecting other opinions of the same doctor).

However, the ALJ noted a divergence between Dr. Checo's opinion, which was based on his examinations of Plaintiff, and the opinions of the two state agency physicians, who did not examine Plaintiff.  AR 18.  The ALJ concluded that Dr. Checo "overstates the claimant's lifting/carrying limitations" yet also concluded that the state agency physicians "understate the claimant's lifting/carrying limitations." *Id.* Of course, the ALJ's RFC need not "perfectly match" any specific medical opinion. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  The ALJ is entitled instead to "weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

Here, the ALJ explicitly noted the inconsistency between Dr. Checo's and the state agency physicians' evaluations of Plaintiff's lifting/carrying limitation.  AR 18. The ALJ then concluded, in light of this inconsistency, that the record supported a lifting/carrying limitation of "up to 10 pounds" — which was closer to Dr. Checo's opinion than the opinions of the state agency physicians.  *Id.*  The ALJ specifically cited the fact that the record indicated no "gait abnormalities, the need for an assistive device, or extremity strength/sensation deficits" and "the claimant's acknowledged activities of daily living, including her return to work [in a light work position]" to support his finding that Plaintiff could perform sedentary work, which includes lifting "up to 10 pounds," as opposed to a lifting/carrying limitation of "less than 10 pounds" as indicated by Dr. Checo.  *Id.*

The Commissioner is also correct that, aside from Plaintiff's self-reported lifting limitation of 5 pounds, AR 193, the record does not support Dr. Checo's more

restrictive lifting/carrying limitation of less than 10 pounds, Def. Br. at 15. Dr. Checo's repeated instructions to Plaintiff direct her to refrain from "heavy lifting," AR 250, 253, 256, 274, 289, 301, 304, 338, 344, 350, 354, but do not make specific mention of lifting strictly less than 10 pounds. Further, Dr. Checo provided Plaintiff with a note for "light duty work." AR 375; 20 CFR § 404.1567(a). The ALJ noted that, based on Plaintiff's description of the "light duty work" she performed at USPS, this job fit into the Social Security exertional category of sedentary work. AR 15. Based on the record before the ALJ, it appears Dr. Checo medically cleared Plaintiff to return to a sedentary work position, notwithstanding his finding elsewhere that Plaintiff could lift "less than 10 pounds." AR 366.

While Plaintiff asserted at the hearing before the ALJ that, "soon after [her shoulder] surgery," her "doctor advised [her] not to carry mail or anything over a certain amount of pounds in my arm," AR 35, Plaintiff did not specify what weight limitation was communicated to her by her doctor, *id.* Plaintiff also indicated that her condition began to improve "two and a half months" after her surgery in July 2021. AR 34. Plaintiff now contends that her "total absence from work exceeded [the] one year minimum requirement" for a finding of disability. Pl. Br. at 16. The ALJ specifically addressed this history, however, and determined that, "[w]hile [Plaintiff] may have been more limited during the periods of recovery after each of her surgical procedures, there is no evidence that these limitations lasted the required 12-month period." AR 18. Moreover, when asked by her lawyer at the hearing before the ALJ whether she was "capable of doing the light duty position that [she was by then

7

performing]," she responded that she had "improved somewhat but [she] was still unable to raise [her] arm to one past [her] shoulder" and that she "wasn't able to raise [her] arm properly." AR 33. She made no mention of any difficulty with lifting or carrying in the sedentary work position she was at that time performing with the USPS.

The Court must evaluate whether the ALJ's persuasiveness determination as to Dr. Checo's lifting/carrying opinion is supported by substantial evidence. The SSA's regulations explain that ALJs consider five main factors when evaluating the persuasiveness of medical opinions and prior administrative medical findings: (1) supportability; (2) consistency; (3) relationship with the claimant, which includes the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative finding. 20 CFR § 404.1520c(c). Of these factors, the regulations explain that supportability and consistency are the most important. 20 CFR § 404.1520c(a).

The Second Circuit has explained that while the SSA makes the ultimate finding of whether a claimant is disabled, "where the record includes the opinions of treating physicians, 'the [SSA] considers the data that [their opinions] provide [and then] draws its own conclusions as to whether those data indicate disability.'" *Schillo*, 31 F.4th at 70 (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)). When evaluating medical source opinions, an ALJ is required to explicitly explain how he

8

or she considered supportability and consistency, and may, but is not required to, provide an explicit explanation of the other factors. *See* 20 C.F.R. § 404.1520c(b)(2).

In analyzing the supportability factor, "the ALJ must conduct an inquiry confined to the medical source's own records that focuses on how well a medical source supported and explained their opinion." *Ayala v. Kijakazi*, 620 F. Supp. 3d 6, 30 (S.D.N.Y. 2022) (citation modified). "The more relevant the evidence and explanations are, the more persuasive the medical opinion is." *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)).

In analyzing the consistency factor, "the ALJ must conduct an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.* The more consistent the medical opinion being analyzed is with the other sources, the more persuasive the medical opinion is. *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

Here, the ALJ sufficiently analyzed both factors. As to supportability, the ALJ determined that "Dr. Checo does not adequately address reaching issues and overstates the claimant's lifting/carrying limitations" and "providers [including Dr. Checo] did not typically identify gait abnormalities, the need for an assistive device, or extremity strength/sensation deficits." AR 18. The ALJ specifically noted the shortcomings in Dr. Checo's reasoning and noted the evidence and findings in Dr. Checo's own records that did not support the "less than ten pounds" carrying/lifting limitation. As to consistency, the ALJ compared Dr. Checo's findings to Plaintiff's longitudinal treatment, noting that "the claimant's acknowledged activities of daily

living, including her return to work in November 2021, indicate that she retains the ability to perform at least at sedentary physical exertion. While she may have been more limited during the periods of recovery after each of her surgical procedures, there is no evidence that these limitations lasted the required 12-month period." AR 18.

Lastly, Plaintiff has not provided any authority supporting her position that the ALJ was required to recontact Dr. Checo to address the parts of his opinion she found unpersuasive.  Pl. Br. at 13–14.  The relevant regulations state that the SSA shall recontact a consultative examiner if their report of a consultative examination is "inadequate or incomplete."  20 CFR § 404.1519p(b).  In finding Dr. Checo's opinion unpersuasive in part, the ALJ did not find his opinion inadequate or incomplete. Instead, as the Commissioner argues, if "inadequate" meant inconsistent or unsupported, then an ALJ would have to recontact doctors every time they found any aspect of their opinions unpersuasive; this outcome would conflict with the ALJ's authority to evaluate the persuasiveness of expert opinions and make that ultimate determination.  Def. Br. at 12–14.

In conclusion, the ALJ sufficiently explained, under the procedures and factors mandated by the SSA's regulations, why Plaintiff's RFC varied from the medical opinion of the treating physician Dr. Checo. Accordingly, this determination is supported by substantial evidence.

## II.    Substantial Evidence Supports the Exertional Limits Contained in the RFC

Plaintiff argues that, in determining that Plaintiff possessed an RFC sufficient to perform sedentary work with some additional limitation, "the ALJ's approach to the evidence – medical and other – is wanting."  Pl. Br. at 15.  Plaintiff specifically characterized the ALJ's RFC findings as "elaborately-detailed" and "super-fine-tune[d]" and argues that these findings "lack[] any foundation in the medical evidence."  *Id.* at 15–16.  Plaintiff further contends that "the ALJ offered no cogent rationale" for the RFC findings.  *Id.* at 15.

In response, the Commissioner argues that the RFC is administrative, not medical in nature, and that its determination is within the province of the ALJ.  Def. Br. at 14.  The Commissioner further argues that Plaintiff has not identified evidence showing that she is more limited than the ALJ found her to be.  *Id.* at 15.

The ALJ determined that Plaintiff retained a sedentary work RFC with the following additional limitations:

- Stand every 30 minutes for 5 minutes, not off task;
- Only occasionally reach overhead bilaterally;
- Only occasionally reach with left arm to shoulder level;
- Only occasionally stoop, crouch, or twist;
- Only occasionally rotate her head;
- Be off-task 10 percent of the day; and
- Be absent more than 1 day per month, but less than an average of 2 days per month.

AR 16.  Each of these limitations is supported by substantial evidence in the record.

As the Commissioner has noted, the postural and reaching limitations are consistent with the opinion of Dr. Pradhan.  Def. Br. at 15; AR 62–63.  The sitting

limitations are consistent with both the evaluation of Dr. Checo, AR 290, 367, and Plaintiff's own testimony that she "get[s] up and take[s] a break every now and then," AR 31. The off-task limitation is consistent with the opinion of Dr. Checo that Plaintiff could sit for six or more hours and stand/walk for two hours during the workday with normal breaks. AR 366–67. Finally, the absenteeism limitation is consistent with Plaintiff's testimony that, between her return to work in November 2021 and the hearing before the ALJ in February 2022, she had missed work only because of a positive test for COVID-19; she did not testify to missing any days because of her back or shoulder impairments. AR 32.

The Court has also considered Plaintiff's other arguments and finds them to be without merit. The Commissioner concedes that the ALJ "misstated the date of Dr. Checo's opinion," Def. Br. at 14, but the Commissioner is correct that Plaintiff has identified no harm or error arising from what she characterizes as a "misapprehension" regarding this date, *see* Pl. Br. at 13. Finally, the Commissioner is correct that a closed period of disability is not warranted because the ALJ concluded that Plaintiff was not disabled during the alleged period because she could perform a range of sedentary work. Def. Br. at 16. Specifically, the ALJ found that "[w]hile [Plaintiff] may have been more limited during the periods of recovery after each of her surgical procedures, there is no evidence that these limitations lasted the required 12-month period." AR 18.

In conclusion, each element of the ALJ's RFC determination, as well as the determination as a whole, is supported by substantial evidence and is free of legal error.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's cross-motion is granted.


SO ORDERED.


<i>/s/ Nina R. Morrison</i><br>
NINA R. MORRISON<br>
United States District Judge

Dated: February 5, 2026
      Brooklyn, New York

13